UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jason Alan Hertzog**, # 146837,<br>*aka* Jason A Hertzog, Sr., # 146837,<br><br>      Plaintiff,<br><br>vs.<br><br>**Tom Fox**, Director of J. Reuben Long Detention Center;<br>**Joe Johnson**, Major and Deputy Director of J. Reuben Long Detention Center;<br>**Susan Safford**, Captain at J. Reuben Long Detention Center;<br>**NFN Hughes**, Captain at J. Reuben Long Detention Center;<br>**Phillip E. Thompson**, Sheriff of Horry County;<br>**NFN Cunningham**, Lieutenant at J. Reuben Long Detention Center;<br>**S. K. Jones**, Corporal at J. Reuben Long Detention Center; and<br>**Debbie Hipp**, LPN at J. Reuben Long Detention Center, in their professional and individual capacities,<br><br>      Defendants. | C/A No. 8:05-1995-MBS-BHH<br><br><br><br><br><br><br><br><br><br>Report and Recommendation |

This is a civil rights action. The Clerk of Court has filed the pleadings as of the date they were received for docketing. In an order filed in the above-captioned case on July 25, 2005, the undersigned directed the plaintiff to submit the items needed to render this case into proper form and to answer Special Interrogatories.

1

The plaintiff has not submitted all of the items needed to render this case in to "proper form" but has answered the Special Interrogatories. The plaintiff's Answers to the Court's Special Interrogatories (Entry No. 5) indicate that the above-captioned case raises the same issues that the plaintiff is raising in Hertzog v. Horry County, *et al.*, Civil Action No. 8:05-1776-MBS-BHH and that the plaintiff does not wish to proceed with this case and, thereby, incur another $250 filing fee.

It appears that the pleadings in the above-captioned case may have been mailed by the plaintiff out of concern that the pleadings in Civil Action No. 8:05-1776-MBS-BHH had not been received. In any event, the plaintiff's answer to Question 2 on page 2 of the plaintiff's Answers to the Court's Special Interrogatories (Entry No. 5) is, in effect, a notice of voluntary dismissal. Moreover, it can be judicially noticed that the undersigned, by separate order, is authorizing the issuance of service of process upon the defendants in Hertzog v. Horry County, *et al.*, Civil Action No. 8:05-1776-MBS-BHH.

Accordingly, I recommend that the above-captioned case be dismissed without prejudice because the plaintiff's answer to Question

2 on page 2 of the plaintiff's Answers to the Court's Special Interrogatories (Entry No. 5) is the equivalent of a notice of voluntary dismissal. The plaintiff's attention is directed to the Notice on the next page.

                                            Respectfully submitted,

August 5, 2005                          s/Bruce Howe Hendricks
Greenville, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The Serious Consequences of a Failure to Do So**

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**